UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

UNITED STATES OF AMERICA,

          Plaintiff,

   v.

Frederick Clayton Bailey,

          Defendant.

CASE NO. CR18-05205-RBL-5

**DETENTION ORDER**

The Court has conducted a detention hearing under 18 U.S.C. § 3142(f), and concludes there are no conditions which the defendant can meet which would reasonably assure the defendant's appearance as required or the safety of any other person and the community.

**FINDINGS OF FACT AND STATEMENT OF REASONS FOR DETENTION**

The defense did not overcome the rebuttable presumption that Mr. Bailey poses a danger to any person or a danger to the community. Dkt. 1, Indictment (under 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), 841(b)(1)(B));18 U.S.C. § 3142(e)(3)(A) (presumption of pretrial detention for drug crime with maximum sentence of ten years or more). The Court reviewed the Motion for Detention, the Pretrial Reports (dated May 8, May 11, and June 11, 2018) from United States Probation Officer Nick Bassett, the letter submitted by Mr. Bailey, the remainder of the Court's file, and considered the arguments and information presented during the detention hearing.

DETENTION ORDER - 1

The government met its burden of proving by a preponderance of the evidence (even beyond the statutory presumption) that the defendant presents a risk of non-appearance, based on the numerous bench warrants and failure to appear in cases where the defendant has been charged with crimes in the past. The government also met its burden of proving by clear and convincing evidence (even beyond the statutory presumption) that Mr. Bailey poses a significant risk of danger to the community based on his own history of substance abuse, addiction, repeated criminal behavior involving drug dealing and violent behavior (his most recent felony drug offense conviction in 2015 resulted in a 30-month prison term), and the circumstances of the current offense involving conspiracy to distribute a large amount of heroin and methamphetamine.

Although the defendant produced an option to reside with friends who own a home where he was welcome to stay, the Court determined that proposed home environment was not a suitable residential placement. The homeowners would not be present at the home during weekday working hours, and the homeowners had significant criminal history. One of the homeowners had 23 convictions, including for assault, violation of a no-contact order, possession of a controlled substance, and residential burglary. In addition, the Probation Officer, Mr. Bassett, noted that Mr. Bailey's family was not available to assist or support Mr. Bailey in any placement in the community. The community and family ties that Mr. Bailey has are thin, at best.

Therefore, the Court determined that Magistrate Judge Christel's Detention Order (Dkt. 59) should remain in place, and this Order confirms that decision.

It is therefore **ORDERED**:

(1)   Defendant shall be detained pending trial and committed to the custody of the Attorney General for confinement in a correctional facility separate, to the extent practicable, from persons awaiting or serving sentences, or being held in custody pending appeal;

(2)   Defendant shall be afforded reasonable opportunity for private consultation with counsel;

(3)   On order of a court of the United States or on request of an attorney for the Government, the person in charge of the correctional facility in which Defendant is confined shall deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding; and

(4)   The Clerk shall provide copies of this order to all counsel, the United States Marshal, and to the United States Probation and Pretrial Services Officer.

DATED this 11th day of June, 2018.

*Theresa L. Fricke*
Theresa L. Fricke
United States Magistrate Judge

DETENTION ORDER - 3